UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                          CIVIL ACTION

SHIRLEY COODY, ET AL                            NUMBER 07-444-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 26, 2007.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                          CIVIL ACTION

SHIRLEY COODY, ET AL                            NUMBER 07-444-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss Pursuant to Rule 12(b)(6) for Failure to Exhaust Administrative Remedies. Record document number 17. No opposition has been filed.

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Shirley Coody and Maj. Jimmy Smith. Plaintiff alleged that he was subjected to cruel and unusual punishment. Specifically, the plaintiff alleged that in 2004, he was involved in a confrontation with a correctional officer during which one of his handcuffs broke. Plaintiff alleged that he has been placed on black box restriction as a result of the 2004 incident. Plaintiff alleged that the block box restriction was improperly applied to him. Plaintiff further alleged that his placement in a black box causes unnecessary pain and interferes with his balance. Plaintiff alleged that because his right leg has been partially amputated he has difficulty balancing himself while wearing a black box

restraint.  Plaintiff alleged that the black box restraint has caused him to fall twice and that he injured his wrist during the fall.

Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the ground that the plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. §1997e(a).

Defendants relied on the results of Administrative Remedy Procedure (ARP) LSP-2006-941 and the affidavit of Kimberly Lemaire. However, the defendants were placed on notice that the court would exclude from consideration, in ruling on their motion to dismiss, all matters outside the pleadings.[1]  Defendants did not ask the court to convert the motion to a summary judgment motion.[2]

Section 1997e of Title 42 of the United States Code provides in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and

---

[1] Record document number 19.

[2] Defendants subsequently filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.  Record document number 25.

precludes him from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  The exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003), citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6, 121 S.Ct. 1819 (2001).

Defendants argued that the plaintiff filed ARP LSP-2006-941 and received his first step response on November 28, 2006. Defendants argued that the plaintiff had five days from receipt of the First Step Response to proceed to the second step of the two-step grievance procedure.  Defendants argued that because the plaintiff failed to proceed to the second step within five days of receipt of the First Step Response, the plaintiff failed to exhaust available administrative remedies.

Although the plaintiff did not oppose the motion to dismiss, he alleged in his verified complaint that on November 28, 2006, he proceeded to the second step of the procedure.  Plaintiff alleged that he proceeded to the second step within the five day delay permitted by the procedure and that prison officials failed to respond to his ARP at the second step.

Accepting the plaintiff's allegation of exhaustion as true, as

3

the court must do on a motion to dismiss, the defendants' motion to dismiss for failure to exhaust administrative remedies should be denied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be denied.

Baton Rouge, Louisiana, November 26, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE