UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                              CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 07-444-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 26, 2007.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                             CIVIL ACTION

SHIRLEY COODY, ET AL                               NUMBER 07-444-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' motion for summary judgment.  Record document number 25.  No opposition has been filed.

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Shirley Coody and Maj. Jimmy Smith.  Plaintiff alleged that he was subjected to cruel and unusual punishment in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (ARP) LSP-2006-941, the affidavits of Tara Bonnette and Kimberly Lemaire, and copies of Input Screen data regarding ARPs filed by the plaintiff.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting

affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that in 2004, he was involved in a confrontation with a correctional officer during which one of his handcuffs broke. As a result of this incident, the plaintiff was placed on black box restriction. Plaintiff alleged that the black box restriction was combined with another restriction already in place which required the plaintiff to be handcuffed behind his back. Plaintiff alleged that the black box restriction was improperly applied to him and the combination of restrictions cause unnecessary pain and interfere with his balance. Plaintiff alleged that because his right leg has been partially amputated he has difficulty balancing himself while wearing a black box restraint behind his back. Plaintiff alleged that the manner of restraint has caused him to fall and injure his wrist.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies.

Section 1997e of Title 42 of the United States Code provides in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a § 1983 suit and precludes him from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  The exhaustion requirement is "mandatory, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003), citing *Booth v. Churner*, 532 U.S. 731, 739, 741 n.6, 121 S.Ct. 1819 (2001).

Defendants argued that the plaintiff filed ARP LSP-2006-941 and received his first step response on November 28, 2006. Defendants argued that the plaintiff had five days from receipt of the First Step Response to proceed to the second step of the two-step grievance procedure.  Defendants argued that because the plaintiff failed to proceed to the second step within five days of receipt of the First Step Response, the plaintiff failed to exhaust available administrative remedies.

Although the plaintiff did not file a memorandum in opposition to the defendants' motion for summary judgment, a review of the record showed that the plaintiff filed a verified complaint in which he alleged that on November 28, 2006, he proceeded to the second step of the procedure.  Plaintiff alleged that he proceeded

3

to the second step within the five day delay permitted by the procedure and that prison officials failed to respond to his ARP at the second step.  The court can properly treat this verified pleading as an affidavit in opposition to the defendants' motion for summary judgment since the plaintiff was competent and made the assertions based on personal knowledge.  *See, King v. Dogan*, 31 F.3d 344, 346, (5th Cir. 1994)(verified complaint may serve as competent summary judgment evidence); *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

The summary judgment evidence showed that the plaintiff filed numerous administrative grievances and was familiar with the procedure.  The Input Screen data showed that the plaintiff routinely exhausted his administrative grievances through the second step of the two-step procedure.[1]  The summary judgment evidence also showed that the plaintiff sent several belated letters to prison officials inquiring about the status of APR LSP-2007-941 at the second step of the procedure.[2]

Because there are material factual issues in dispute as to whether the plaintiff proceeded to the second step of the two-step administrative procedure, summary judgment inappropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

---

[1] Defendants exhibits 13 and 14

[2] Defendants exhibits 5, 6 and 7.

4

defendants' motion for summary judgment be denied.

Baton Rouge, Louisiana, November 26, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5