UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                          CIVIL ACTION

SHIRLEY COODY, ET AL                            NUMBER 07-444-RET-SCR

RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the plaintiff's Motion for an Order Compelling Discovery.  Record document number 52.  No opposition has been filed.

Plaintiff moved to compel responses to interrogatories, admissions and requests for production of documents propounded on October 22, 2007.[1]

**Interrogatories**

Plaintiff moved to compel a response to interrogatory numbers 2, 3, 4, 8, 9, 10, 14, 15, 18, 19, 20, 21, 22, 23 and 24.

Defendants responses to interrogatory numbers 19, 23 and 24 are adequate.  Plaintiff's motion to compel responses to interrogatory numbers 19, 23 and 24 is denied.

It is not clear from the defendants' answers to interrogatory numbers 2, 3 and 4 whether the defendants referred to the version of penitentiary Directive 09.017 in effect at the time of the incident described in the plaintiff's complaint or the 2009 version

---

[1] Record document numbers 22, 23 and 24.

which the defendants produced in response to the plaintiff's document requests. The interrogatories indicate that the document the plaintiff referred to is four pages long[2] whereas the 2009 version produced by the defendants is ten pages.[3] Defendants need to clarify which version of Directive 09.017 they relied upon in their answers, revise their answers if needed, and produce the version relied upon if it was not the 2009 version.

Defendants answered interrogatory number 14 "No" as to Directive 09.007/B, and in their answer to interrogatory number 15 stated "The quotation used by plaintiff does not appear in directive 09.017." Again, the defendants need to clarify which version of Directives 09.007/B and 09.017 they relied upon in their answers, revise their answers if needed, and produce the version relied upon if it was not the version filed with their discovery responses.[4]

In interrogatory numbers 8, 9 and 10, the plaintiff asked which defendant, if any, personally experienced placement in a black box restrained behind the back. Plaintiff asked each

---

[2] Plaintiff refers specifically to "Page 3 of 4."

[3] Attachment to record document number 51.

[4] If the defendants relied on the 2007 version of Directive 09.007/B and 2009 version Directive 09.017, then their answers to interrogatory numbers 14 and 15 are plainly false. The exact language quoted by the plaintiff appears on page three, section E.1., of the 2007 version of Penitentiary Directive 09.007/B filed by the defendants. Likewise, the same language appears on page 9, section G.1., of the 2009 version of Penitentiary Directive 09.017.

2

defendant who answered in the affirmative to describe how the restraints felt.  Plaintiff asked each defendant who did not personally test the restraints to explain why he did not test the restraints.

Defendants responded that tactical members must test the black box device but failed to identify which defendant, if any, has experienced placement in the black box restrained behind the back. Defendants also objected to describing how placement in the black box behind the back felt on the grounds that the interrogatory called for an opinion.

Plaintiff argued that the defendants' responses to interrogatory numbers 8, 9 and 10 are non-responsive.

Plaintiff's argument has merit.  Defendants' answers to interrogatory numbers 8, 9 and 10 failed to provide the information requested.

Plaintiff's motion to compel answers to interrogatory numbers 8, 9 and 10 is granted.  Defendants shall respond to interrogatory numbers 8, 9, and 10 within 15 days from the date of this ruling.

Interrogatory number 18 inquired about the design of the black box device.  Defendants responded that the black box "can be used" and placed behind the back.

Plaintiff argued that the defendants' answer is non-responsive.

Plaintiff's argument has merit.  Although the plaintiff's

interrogatory inquired about the design of the black box, the defendants responded about its use.

Plaintiff's motion to compel an answer to interrogatory number 18 is granted. Defendants shall respond to interrogatory number 18 within 15 days from the date of this ruling.

In interrogatory number 20, the plaintiff asked whether there is a policy which provides that Camp J inmates may be placed in a black box restrained behind the back. In interrogatory number 21, the plaintiff sought a copy of the policy if it exists.

Defendants responded that security complies with all department regulations and directives in the use of all restraints. Defendants responded "N/A" to interrogatory number 21.

Plaintiff argued that the defendants' answers are non-responsive.

Plaintiff's argument has merit. Although the plaintiff's interrogatory inquired about the existence of a particular policy at Camp J, the defendants responded about compliance with departmental regulations and directives and failed to produce a copy of the relevant policy.

Plaintiff's motion to compel answers to interrogatory numbers 20 and 21 is granted. Defendants shall respond to interrogatory numbers 20 and 21 within 15 days from the date of this ruling.

In interrogatory number 22, the plaintiff asked whether the defendants are aware of the pain and discomfort that the black box

device may cause when placed behind the back.  Defendants objected to this interrogatory on the grounds that it assumes facts not yet proven and calls for speculation.

Plaintiff moved to compel on the grounds that the defendants' answer is non-responsive.

Plaintiff's argument has merit.  The interrogatory is directed to the defendants' awareness of the pain and discomfort which may be caused by wearing the black box behind the back.  The interrogatory does not assume facts or call for speculation.

Plaintiff's motion to compel an answer to interrogatory number 22 is granted.  Defendants shall respond to interrogatory number 22 within 15 days from the date of this ruling.

### Admissions

Plaintiff moved to compel responses to request for admission numbers 1, 3, 9, 10, 12, 13 and 21.

As to responses to request for admission numbers 1, 3, 9, 10, 13 and 21 the defendants' responses to admissions are adequate.

However, as to request for admission number 12  their response is  not.  This request seeks an admission based on the defendant's personal knowledge and action taken, or not taken, based on that knowledge.  The denial based on "lack of information" amounts to a statement that the defendant does not know (1) whether he/she knew the plaintiff had been disciplinary-report-free for 11 months, and (2) whether (knowing the plaintiff had been disciplinary-report-

free for 11 months) he/she refused to discontinue hands-behind-the-back restraints.  Fairly read, this request seeks an admission that the defendants (1) knew the plaintiff had been disciplinary-report-free for 11 months, and (2) then still refused to discontinue hands-behind-the-back restraints. The request does not seek any information outside the defendants' personal knowledge. If any defendant does not now recall what he/she knew at the time, or what decision he/she made based on what he/she might have known at the time, then that defendant should simply state his/her lack of recollection.

Plaintiff's motion to compel responses to admissions is granted as to request for admission number 12, and denied as to the others.

### Request for Production of Documents

Plaintiff moved to compel responses to requests for production of document numbers 1, 2, 4, 5, 6, 7, 8, 9 and 10.

In request for production of documents numbers 1 and 2, the plaintiff sought copies of all letters and grievances received by the defendants or their agents within the past four years regarding the use of restraints behind the back and the use of the black box device.

Defendants objected on the grounds that the documents sought are not relevant or calculated to lead to the discovery of admissible evidence, and the production of the documents would be

costly, burdensome and infringe upon the privacy of others.

Defendants' objection is well-founded.  The information sought is not relevant to the issues in this case nor is it reasonably calculated to lead to the discovery of admissible evidence related to the plaintiff's conditions of confinement claim.  Plaintiff's motion to compel the production of documents numbers 1 and 2 is denied.

In request for production of documents number 4, the plaintiff sought copies of all policies concerning the use of the black box device.

Defendants responded to the request for production of documents by filing copies of the 2009 version of Penitentiary Directive No. 09.017 (Transportation of Inmates), the 2002 version of Directive No. 10.021 (Management of Extended Lockdown Inmates Who Expose Genitals and/or Masturbate in View of Employees or Visitors), the 2007 version of Directive No. 09.007/B (Use of Restraints), the 2004 version of Directive No. 13.026 (Modifications to Routine Restraint Procedures), the 2005 version of Directive No. 13.027 (Cleaning of Restraints).[5]

Plaintiff argued that the defendants failed to produce the policy related to the black box.  Plaintiff did not identify a specific directive or regulation which he contends the defendants

---

[5] It is not clear from the defendants' document production whether they contend that these versions of the produced policies are applicable to the plaintiff's claims.

7

failed to produce.

A review of the defendants' response showed that many of the documents produced are related, in part, to the black box policy. Defendants response is adequate. Plaintiff's motion to compel the production of documents number 4 is denied.

In request for production of documents number 5, the plaintiff sought copies of all court decisions and consent decrees entered against the defendants or their agents regarding the use of black box devices and the practice of restraining inmates behind the back.

Defendants objected on the grounds that the documents sought are not relevant or calculated to lead to the discovery of admissible evidence, and the production of the documents would be costly and unduly burdensome. Defendants' objection is well-founded. Plaintiff's argument that the discovery is necessary is not persuasive. Plaintiff's motion to compel the production of documents number 5 is denied.

In request for production of documents number 6, the plaintiff sought copies of all medical records, including x-rays, from June 1996 to the present.

Defendants objected to the production of any medical record which predated December 2005. Defendants argued that any medical record prior to that date are unrelated to the claims raised in the complaint and are irrelevant.

Plaintiff moved to compel on the grounds that none of the medical records have been produced.  Plaintiff argued that all of the medical records requested are relevant.  In the complaint the plaintiff alleged that because he has a partially amputated leg his placement in restraints behind his back causes him to lose his balance and fall.  Plaintiff alleged that his medical records show that between 2004 and 2007 treating physicians restricted the use of restraints to flex cuffs.

Plaintiff's motion to compel the production of documents number 6 is granted, in part.  Within 15 days from the date of this order the defendants shall produce copies of the plaintiff's medical records for the period between 2004 through the present. Defendants shall include copies of any x-ray reports taken during this period.  In all other respects, the plaintiff's motion to compel the production of documents number 6 is denied.

In request for production of documents number 7, the plaintiff sought copies of all policies which establish the duties and responsibilities of defendants Maj. Jimmy Smith, Assistant Warden Shirley Coody and Warden Burl Cain.

Defendants objected on the grounds that the request is vague and not specific.

Plaintiff argued the request is specific and not vague. Plaintiff's argument has merit.  Plaintiff sought copies of any written description of the duties and responsibilities of each

9

defendant in their respective capacity as a major, assistant warden and warden.

Plaintiff's motion to compel the production of document number 7 is granted. Defendants shall produce the documents within 15 days from the date of this order.

In request for production of documents number 8, the plaintiff sought the production of any and all rule books, old and new.

Defendants objected on the grounds that the documents sought are not relevant and are not calculated to lead to the discovery of admissible evidence.

Plaintiff argued that the documents are relevant and essential but failed to explain how the documents are related to his conditions of confinement claim. Plaintiff's motion to compel the production of documents number 8 is denied.

In request for production of documents number 9, the plaintiff sought the production of all policies concerning the use of the black box device behind the back.

Defendants responded to the discovery request by producing copies of various policies.

Plaintiff moved to compel on the grounds that the defendants failed to produce all policies. However, the plaintiff failed to identify by number, or otherwise, the policies he contends were not produced.

Plaintiff's motion to compel the production of documents

number 9 is denied.

In request for production of documents number 10, the plaintiff sought the production of all documents relating to the education and training of all medical personnel who has treated him for wrist injuries and deformed leg since 1998.

Defendants objected on the grounds that the documents sought are not relevant or calculated to lead to the discovery of admissible evidence, and the production of the documents would be costly, burdensome and infringe upon the privacy of others.

Defendants' objection is well-founded. The information sought is not relevant to the issues in this case nor is it reasonably calculated to lead to the discovery of admissible evidence related to the plaintiff's conditions of confinement claim. Plaintiff's motion to compel the production of documents number 10 is denied.

Accordingly, the plaintiff's motion to compel discovery is granted, in part, and denied, in part. In accordance with this ruling, within 15 days the defendants shall supplement their answers to interrogatory numbers 2, 3, 4, 8, 9, 10, 14, 15, 18, 20, 21 and 22, their response to request for admission number 12, and their response to requests for production of documents numbers 6 and 7.

Each defendant shall also certify that he/she has read the original answers to interrogatories and, except as to those which this ruling requires supplementation, they are true and correct.

As is required by Rules 33(b)(1) and (5), Fed.R.Civ.P., each defendant shall also sign the supplemental answers.

In all other respects, the plaintiff's motion to compel discovery is denied.

Baton Rouge, Louisiana, July 28, 2009.

                                  _____
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE