UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                             CIVIL ACTION

SHIRLEY COODY, ET AL                               NUMBER 07-444-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 10, 2010.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD CARTER (#133032)

VERSUS                                              CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 07-444-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' motion for summary judgment. Record document number 54. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Assistant Warden Shirley Coody and Maj. Jimmy Smith. Plaintiff alleged that he was subjected to cruel and unusual punishment in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. Jonathan Roundtree, Russell A. Bordelon and John L. Calvert, and copies of the plaintiff's medical and conduct records.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting

---

[1] Record document numbers 56 and 57.

affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that in 2004, he was involved in a confrontation with a correctional officer during which one of his handcuffs broke. As a result of this incident, the plaintiff was placed on black box restriction. Plaintiff alleged that the black box restriction was combined with another restriction already in place which required the plaintiff to be handcuffed behind his back. Plaintiff alleged that the black box restriction was improperly applied to him and the combination of restrictions cause unnecessary pain and interfere with his balance. Plaintiff alleged that because his right leg has been partially amputated he has difficulty balancing himself while wearing a black box restraint behind his back. Plaintiff alleged that the manner of restraint has caused him to fall and injure his wrist.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the

inference.  *Id.*

The summary judgment evidence showed that a black box is not a restraining device itself but is used in conjunction with waist chains and handcuffs on any inmate being transported off prison grounds and on any inmate considered to pose a security risk.[2] The summary judgment evidence showed that a black box is fitted over a pair of handcuffs covering the key hole and locking mechanism, making it more difficult for the handcuffs to be shimmed open or broken.[3]  The black box is made of a hard plastic and a piece of metal fits over the black box to keep it closed.[4]  The summary judgment evidence showed that use of a black box behind an inmate does not restrict the inmate any more than use of the black box in front of the inmate.[5]

The summary judgment evidence showed that on August 25, 2004, the plaintiff was placed on black box restriction following an incident with a correctional officer in which the plaintiff's waist restraints were broken.[6]  On September 30, 2004, the Camp J

---

[2] Record document number 54-10, affidavit of Col. Russell A. Bordelon.

[3] *Id.*

[4] Record document number 56, plaintiff's declaration, p. 4.

[5] Record document number 54-10, affidavit of Col. Russell A. Bordelon.

[6] Record document number 54-11, affidavit of Assistant Warden John L. Calvert; record document number 56, plaintiff's
(continued...)

Management Committee placed the plaintiff on behind-the-back restriction because he received four aggravated sex offenses within one year.[7] Plaintiff's conduct record showed that he was found guilty of committing a Rule 21 aggravated sex offense on March 29, April 27, July 18, September 28, and December 21, 2004; November 30, 2005; March 9, May 10, June 10, July 27, August 7, December 24, and December 25, 2006; March 22, March 31, May 7, June 14, and July 8, 2007; April 22 and August 22, 2008; and March 16, 2009.[8] In addition to the incident on August 25, 2004, the plaintiff has been found guilty of fighting on December 4, 2002, March 3, 2003, December 9, 2005 and February 11, 2009.[9]

Plaintiff's medical records showed that although the plaintiff sustained a gunshot wound to his lower right leg before entering prison, he is capable of using both legs to walk.[10] Plaintiff's medical records showed that he lodged multiple complaints that the bullet fragments in his leg were surfacing and that his leg is weak

---

[6](...continued) declaration, pp. 1-2.

[7] *Id.*

[8] Record document number 54-13, plaintiff's Conduct Report.

[9] Record document number 54-12, affidavit of Assistant Warden John L. Calvert.

[10] Record document number 54-4, Plaintiff's medical records, pp. 28-29.

4

and gives out on him.[11]  Plaintiff complained that his legs go numb if he stands on his feet for longer than 10 minutes.[12]  Plaintiff also lodged multiple complaints of right wrist pain and swelling.[13]

There is no evidence that the defendants were aware that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  In fact, the summary judgment evidence showed that when deemed medically necessary by treating physicians, the black box behind the back restriction was suspended and the plaintiff was placed in flex cuffs.[14]  Moreover, it is the opinion of the plaintiff's treating physician that the black box has no greater affect on the plaintiff's wrist, shoulder or balance than a pair of handcuffs and there is no medical reason to restrict the use of the black box behind the plaintiff's back.[15]

Defendants are entitled to summary judgment as a matter of law.

---

[11] *Id*. at 11, 26, 28, 29; record document number 54-5, pp. 6, 14, 33; record document number 54-7, p. 9.

[12] Record document number 54-6, p. 4.

[13] Record document number 54-4, p. 27; record document number 54-5, pp. 4, 6, 14; record document number 54-6, pp. 8, 9, 19.

[14] Record document number 54-9, affidavit of Dr. Jonathan Roundtree, p. 1; record document number 57, plaintiff's declaration, pp. 2, 6-9.

[15] Record document number 54-9, affidavit of Dr. Jonathan Roundtree.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, February 10, 2010.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE